IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| IN RE: SAMUEL A. SPEARS<br>and OLGA P. SPEARS<br><br>Debtors.<br><br>SAMUEL A. SPEARS and<br>OLGA P. SPEARS,<br><br>Appellants,<br><br>v.<br><br>CURTIS C. REDING,<br><br>Appellee. | CIVIL ACTION NO.<br>3:09cv31-MHT<br>(WO) |

OPINION

The appellants (debtors Samuel A. and Olga P. Spears) appeal the decision by the Bankruptcy Court of the Middle District of Alabama that sustained the objection of the appellee (trustee Curtis C. Reding) to confirmation of their Chapter 13 bankruptcy plan.  The bankruptcy court agreed with the trustee that it would be improper to allow the debtors to subtract the full 'standard vehicle-ownership deduction' when that deduction exceeds the

debtors' actual vehicle-debt payment. Appellate jurisdiction over this case is proper under 28 U.S.C.A. § 158(a). For reasons that follow, the bankruptcy court's decision will be vacated and this case remanded.

To determine whether the bankruptcy court properly sustained the trustee's objection to the confirmation of the Spearses' Chapter 13 plan, this court must wind its way through a thicket of bankruptcy law. Pursuant to Title 11 U.S.C. § 1325, "If the trustee ... objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-- ... (B) the plan provides that all of the debtor's <u>projected disposable income</u> to be received in the applicable commitment period ... will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1) (emphasis added.) "'<u>[D]isposable income</u>' means current monthly income received by the debtor ... less <u>amounts reasonably necessary</u> to be expended-(A)(i) for the maintenance or support of the

debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2) (emphasis added.)  For above-median-income debtors (such as the debtors in this case), "[a]mounts reasonably necessary to be expended ... shall be determined in accordance with subparagraphs (A) and (B) of 707(b)(2)."  11 U.S.C. § 1325(b)(3) (emphasis added.)

11 U.S.C. § 707(b)(2)(A)(ii)(I) provides that a "debtor's monthly expenses shall be the debtor's applicable monthly expense amount specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service...."  Allowable deductions for transportation expenses, such as that claimed by the Spearses for their encumbered vehicle, are laid out in the "Local Standards" of the Internal Revenue Manual (IRM), printed by the Internal Revenue Service (IRS).

Courts are split as to how these vehicle deductions should be calculated for an encumbered vehicle.  See In

3

re Strickland, 2008 WL 205577 at *2 (Bankr. M.D. Ala. 2008) (Williams, B.J.) ("Courts that have considered this or variations of this issue are divided."). One judicial camp has determined that debtors may deduct the full IRS allowance for vehicle ownership, regardless of their actual vehicle expense. This understanding is often referred to as the "plain language approach." See, e.g., In re Fowler, 349 B.R. 414 (Bankr. D. Del. 2006) (Walrath, B.J.). The competing camp would find that, in accordance with the IRM, the Local Standards serve as only a cap on what a debtor may deduct, so that disposable income is determined based on the debtor's actual expenses. This understanding is often referred to as the "IRM approach." See, e.g., In re Hardacre, 338 B.R. 718 (Bankr. N.D. Tex. 2006) (Nelms, B.J.).

Two appellate cases, In re Tate, 571 F.3d 423 (5th Cir. 2009), and In re Ross-Tousey, 549 F.3d 1148 (7th Cir. 2008), have held that courts should use the plain-language approach in applying § 707(b)(2)(A)(ii)(I).

While these cases addressed debtors with unencumbered vehicles, this court believes that their reasoning applies with equal force to cases, such as the instant one, where the debtors have encumbered vehicles. "Section 707(b)(2)(A)(ii)(I) refers only to 'amounts specified' in the Local Standards.  It does not incorporate the IRM or the Financial Analysis Handbook into the statute or even refer to them."  In re Tate, 571 F.3d at 427.

Thus, this court agrees with the Spearses that the plain-language approach should be used in interpreting § 707(b)(2)(A)(ii)(I), and, if the sole issue were the application of § 707(b)(2), this court would vacate the bankruptcy court's decision and direct that the Spearses receive the full vehicle deduction allowable under the Local Standards.

However, because this is a Chapter 13, and not a Chapter 7, case, this court must return to 11 U.S.C. § 1325(b)(1), which requires that the plan reflect "all of the debtor's projected disposable income," with the

5

result that the § 707(b)(2) vehicle-reduction allowance is only the first step in determining "projected disposable income." In short, in winding its way through these various bankruptcy provisions, including § 707(b)(2), this court has attempted to determine how the bankruptcy court should have ultimately ascertained the Spearses' "projected disposable income."

The question therefore arises whether the determination of "projected disposable income" is merely a "mechanical" operation, so that the bankruptcy court is required to award the full allowable-vehicle deduction under § 707(b)(2) to the Spearses or whether, in determining "projected disposable income," this calculation is merely preliminary and modifiable at the bankruptcy judge's discretion by reference to the debtor's actual circumstances. See In re Nowlin, 576 F.3d 258, 261 (5th Cir. 2009). The courts are also divided on this issue. See In re Frederickson, 545 F.3d 652, 656 (8th Cir. 2008) ("[T]he differing outcomes of

the bankruptcy courts that have examined this issue to date indicate that the language of § 11 U.S.C. § 1325(b) is not at all clear.").

This court rejects the mechanical approach to income determination and reads "projected" disposable income to mean "anticipated" income. "[A]n above-median Chapter 13 debtor's 'projected disposable income' presumptively consists of his statutorily defined 'disposable income' mechanically projected into the future for the duration of the plan." In re Nowlin, 576 F.3d at 260. "This presumption may be rebutted during the confirmation hearing with evidence of present or reasonably certain future events that will affect the debtor's income or expenses." Id. See also In re Frederickson, 545 F.3d at 659 ("[A] distinction can be drawn between a debtor's 'disposable income,' which is calculated solely on the basis of historical numbers and regional averages, and a debtor's 'projected disposable income,' which necessarily contemplates a forward-looking number. Under this

interpretation, bankruptcy courts will continue to have some discretion over the calculations of each individual debtor's financial situation, with the result that the debtor's 'projected disposable income' will end up more closely aligning with reality."); In re Lanning, 545 F.3d 1269 (10th Cir. 2008) (noting the judicial conflict over the statutory interpretation of § 1325(b), the court held that "[t]he second reading, i.e., the forward-looking approach, strikes us as the better one"); but see In re Kagenveama, 541 F.3d 868, 874 (9th Cir. 2008) (holding that "no text in the Bankruptcy Code creates a presumptively correct definition of 'disposable income' subject to modification based on anticipated changes in income or expenses.").

Therefore, the bankruptcy court here properly rejected the Spearses' argument that under § 1325(b) they were mechanically, or automatically, entitled to the full vehicle deduction as determined pursuant to § 707(b)(2). In ascertaining the debtors' "projected disposable

income," § 1325(b) required the bankruptcy court to view the full-vehicle deduction as merely a presumptive calculation of disposable income, subject to rebuttal "during the confirmation hearing with evidence of present or reasonably certain future events that will affect the debtor's income or expenses," In re Nowlin, 576 F.3d at 260, so that the "'projected disposable income' will end up more closely aligning with reality." In re Frederickson, 545 F.3d at 659.

Nevertheless, for three reasons, this court cannot uphold the decision of the bankruptcy court to sustain the trustee's objection to the Spearses' plan. First, in sustaining the trustee's objection, the bankruptcy judge stated that, in order to maintain uniformity within the district, "I am going to follow Judge Williams' decision in Strickland and for the reasons set forth in Strickland." In Strickland, Judge Dwight H. Williams, Jr., pretermitted reaching the § 707(b)(2) issue and, instead, held that, because "projected disposable income"

9

has a "forward-looking flavor," the debtors' "deduction is inconsistent with their expected costs for ownership over the term of the plan."  In re Strickland, 2008 WL 205577 at *3.

This court rejects the Strickland approach as unfaithful to § 1325(b).  Section 1325(b) clearly draws a distinction between "projected disposable income" and "disposable income."  The disposable-income calculation is "the starting point," which can be rebutted by information concerning "changes that have occurred in the debtor's financial circumstances as well as the debtor's actual income and expenses."  Frederickson, 545 F.3d at 659.  In other words, the disposable-income calculation (which includes the § 707(b)(2) calculation) informs the projected-disposable-income determination.  "Such an interpretation respects the distinction between projected disposable income and disposable income that Congress must have intended based on the differing language."  Nowlin, 576 F.3d at 264 (citations omitted).  By jumping

straight to the projected-disposable-income determination without making the disposable-income calculation (including the § 707(b)(2) calculation), the bankruptcy court here rendered the disposable-income calculation superfluous and, more importantly, was not informed by it as required by § 1325(b).

Second, in its one sentence sustaining the trustee's objection to the Spearses' plan, the bankruptcy court made no findings and offered no reason as to why the Spearses' specific circumstances warranted the rejection. This court therefore cannot tell whether the bankruptcy court exercised the required § 1325(b) discretion at all. Indeed, the fact that the bankruptcy court never made the preliminary disposable-income calculation strongly suggests that the court acted mechanically (by implying that a debtor's actual vehicle-debt payment will always trump when the full standard vehicle-ownership deduction is higher) rather than in the exercise of its discretion

after having considered the totality of the debtors' circumstances.

Finally, even if the bankruptcy court did exercise discretion rather than act mechanically, this court would still be unable to determine whether the bankruptcy court exercised its discretion properly, for the current record is void of any findings and detailed reasoning tailored to the overall factual circumstances presented in this case.

***

The decision of the bankruptcy court sustaining the objection of the trustee to confirmation of the Spearses' Chapter 13 bankruptcy plan must therefore be vacated and this case remanded so that the bankruptcy court can properly apply § 1325(b) and, in the process, make § 707(b)(2) e findings and offer reasons for it action. An appropriate judgment will be entered.

DONE, this the 24th day of September, 2009.

      /s/ Myron H. Thompson
   UNITED STATES DISTRICT JUDGE